The argument is 23-1640, Venture HR v. United States. Mr. Hellstrop, please proceed. Please, the Court. Thank you. Your Honor, the ultimate question here is whether the regulation 301.6402-2E, which I will refer to as Subsection E, if that works for you, requires concurrent physical attachment or submission of the power of attorney, the Form 2848, in the context of a claim made via Form 843. This question was never… Is there a specific language you're talking about? A claim may be executed by an agent. The power must be to accompany the claim? Accompany, yes. That's correct. So your argument is that a filing on CAF should be deemed to accompany a claim? Correct, Your Honor. It seems logical that a power of attorney on file with the IRS or the IRS in a system that the IRS has created to allow its employees to check and verify that there is a valid… What is your proposed definition of the word accompany? Because I don't think I saw it in your briefing where you articulated, okay, accompany doesn't mean attached, accompany doesn't have to even mean submitted together. Accompany means something else. What is that something else? What's your definition? It would certainly seem to have to be relevant, Your Honor. It would have to be on file and existing at the time, valid and sufficient to authorize the signing of the power of attorney, of the Form 843. So could you just put it into a sentence for me? I would argue that a power of attorney accompanies a claim when it is existing and sufficient to authorize the representative to sign it and it hasn't been invalidated, hasn't been terminated in any respect. Isn't there a problem for you under that? Because I don't remember the numbers of all these forms, but it seems like the forms that were on file were not checked or were not the power of attorney forms that were on file were not the ones that went to this particular filing, did not include or cover this particular filing. Absolutely they did, Your Honor. They were for Forms 940 and 941. This was a Form 843. Right, right. But Cooper, as Cooper walked through, a generally completed power of attorney is sufficient for the signing of a Form 843. Cooper walked through all these arguments. These were the same arguments that the government attacked us on unbrief, which is actually pretty much... That goes to the question of whether or not the two powers that were on file for 940 and 941 are sufficient to cover an 843, which an 843 is a request for relief as a result of problems arising out of a 940 and 941, right?  My point is that's a different question from whether or not the CAF filing constitutes a company. The second question is whether or not the thing you filed was sufficient to connect. So that's a separate thing. Correct. I would agree those are two different questions. My understanding was that you were, without saying so, thinking about something that I would call in the IRS environment transactional accompaniment. You would say when a taxpayer is engaging with the IRS and is told that it can put a power of attorney, assuming it's sufficient for whatever your problem is, on file, that should suffice to satisfy the requirement that a power accompany the subject matter that you're talking about. Correct. I'd call it transactional accompaniment.  And so your argument would make some sense if you could show to me that the CAF system had been created for the benefit of the taxpayer in the first place, as opposed to the CAF system having been created for the benefit of the IRS. There's nothing I saw anywhere in any of my readings about announcing the creation of CAF or advertising it where it says, taxpayer, anytime you file here, this will suffice. No need to ever file any more paper copies of powers. I didn't see any of that. The rationale I saw was, oh, the poor old IRS has been terribly burdened because when it decides to shift a piece of your claim over to some other office, it had to go to a Xerox machine and Xerox a copy of your authorization, your power, so that the guy in the other office could proceed. Right? That was the reason for doing it. It had nothing to do with making it easier for the taxpayer to have a power of attorney authorization on file that would work future for lots of things. That may be true, Your Honor. I'm not sure what that has to do with it. The practitioners out there are working with respect to what the IRS has put in place, and the CAF system clearly reflects everything about a generally completed form, and that's all that's required to authorize a representative to sign. When the regulation requires that your power of attorney accompany the claim, it certainly suggests that there has to be some temporal connection between the two, and that a filing of a power of attorney in one year for it to be effective three years later with a related issue to what the power was all about doesn't feel like it accompanies. Well, Your Honor, the CAF system substitutes for the physical 2848, the power of attorney, and it also houses all that authority in it, and that's what practitioners rely on. So the practitioners... But the very form that you are claiming that the power of attorney works for says that the power of attorney is supposed to be attached. That is correct, Your Honor. Attached doesn't mean over in the CAF. We would not argue that, Your Honor. Can I shift gears a bit? Sure. Because I understood an alternative argument if we don't agree with you on... We're not even going to decide what a company... Okay. I think you preserved this argument, tell me if I'm wrong, that it doesn't really matter because there's a waiver here on the part of the government because they had processed and recognized you, and there's a waiver given because this is a regulatory regime and not a statutory regime. That's ultimately where we wind up, Your Honor. If a company actually means attachment, then we would argue that two steps wrong. Well, in a way, we don't have to reach what a company means if we were to agree with your argument that whatever it means, the government waived that argument, and that waiver was sufficient under the regime, and that one of the only things that stands between you and that conclusion, it would seem, I'm sure your friend will argue, is Braum, our opinion in Braum. Right. I would argue that Braum doesn't take this up directly. It didn't take it head on. It mentioned attachment once. It mentioned the regulatory regime, but it didn't even talk about subsection E, which is where that... Well, Braum seems to say that under certain circumstances, and it may not be this case, and it may be factually distinct, but under certain circumstances, the statutory regime lies on to the regulatory regime, and therefore you can't have a waiver. Yes, that's what the government argues. No waiver is possible because you cannot waive an explicitly statutory regulation. Why is that not applicable here, and two, how is your case different than Braum? Well, first of all, Braum was mostly focused on the nature of the claim, which was done via refund because it was seeking a tax refund, and those have to be done via amended returns, which require a whole different power of attorney than is required for Form 843. In Braum, there was absolutely no power of attorney. There wasn't a question of... The powers of attorney were not valid and sufficient to authorize the representative there to sign. And why is that different than here? Because here, all that's required to sign Form 843 is a generally completed one, which they certainly were. There's no specific use authorization required. There's no box five, check this, so you can sign a refund. So are you making now why Braum found that the regulation was part and parcel of the statutory regime, and why you say this regulation is not similar in terms of the... No, I would say this goes to just the sufficiency of the power of attorney itself. The argument I would say as to why the... Again, I don't think Braum took this head on. Why the statutory regime does not include accompaniment or attachment is because you have... It's kind of nonsensical if you read the statute. Subsection B1 talks about a signature and verification requirement and talks about specificity requirement. Well, those seem to be very inextricably related. If you're going to sign and certify, which is what the statutes require, IRC 6061 and IRC 6065, if you're going to comply with those, that's what those statutes say, that these things need to be signed and certified. Why did Braum just about resolve this question when it said there's a statutory default rule that you must personally sign and verify these documents when you file these forms? Or if you don't, then you have to strictly follow the implementing regulations. And if you don't personally sign and you don't strictly follow the implementing regulations, then the document is effectively unsigned and unverified under 6061A and 6065. In other words, you haven't duly filed your claim. And there I would argue that there is still a waiver possible and we need to establish that each component of the regulatory regime is something that is explicitly statutory. So when you look at the statutes, IRC 6061 and IRC 6065... But the whole point, I understand, of the accompaniment requirement is not only that there's a power of attorney somewhere, but there is a signed form by this taxpayer that's right there with the claim, whether that has been signed by the agent. And so now we know and can quickly verify that we can ensure that the claim is legitimate and that we can even prosecute this taxpayer if there is something wrong with the form. Sure, but again, as the government admitted in its brief, the CAF substitutes for the physical form. The power of attorney, which was completely sufficient and valid, was sitting on file, and that's exactly why the government just processed the form and actually sent the determination letters to Mr. Sheldon saying, under the powers of attorney, you have on file. Here's our determination. Can I come back to the waiver point for a second? Sure. I think it's possible to read Brown to be a case which was concerned with the question of whether or not a power has to be filed in the first place because there was no power in that case. And so the regulations that were cited make it clear that there has to be a power. So there is no extensive discussion of the regulations in the Brown opinion, just a citation, to say the question before us is whether or not there is an obligation to supply. The question in this case is, we know now from Brown that there is an obligation to supply, and to the extent the regulations require you to supply it, that falls under an express statutory command. But the issue in this case is not that. Absolutely. Which is very different from the question of whether you have to do it in the first place. And so the regulations that the secretary is relying on here are the how, where, when regulations that bring into this whole question of the civil city. And those regulations feel more regulatory and less statutory because there's certainly no explicit command in the statute to say, for example, attach or accompany. That's exactly right. And that would be your argument, I believe, as to why the regulations as applied in this case are regulatory in nature and not statutory. This is a hugely different case than Brown. And so we would argue that it makes more sense to have specificity, which the courts have said is waivable. And it actually exists in the same subparagraph of the regulation, that that be an explicitly statutory regulation that can't be waived, but the courts waive it. It makes more sense for those two things to be together because what are you signifying and signing and verifying if not specific allegations in the claim? But over here you have a completely formal procedure you need to do, which the government is looking at the instructions and wants to elevate those instructions, not just to a regulation, but all the way to an explicitly statutory regulation that they then cannot be waived. I think we have your argument. Thank you. Let's go to the other side and what restores the republic. If it may please the court, I'm going to start with Judge Clevenger's question about what does Brown actually say. Before we do that, can we just start with what CAF is all for? Is it for the benefit of the taxpayer or for the benefit of the service only? It was developed for the benefit of the service. It may have some secondary benefit to the taxpayer in saving them the hassle. Has the service ever indicated in any way, shape, or form to the public that filing on CAF is a substitute for paper filing? I'm not aware of any such publication or public notice. What I can tell you is in IRS Publication 947 and the relevant instructions for Form 2848, it says that if you file a power of attorney, certain information will be put into the system. But then it also lists a number of specific issues or specific uses which are expressly not put into the system. And it says for those specific issues or specific uses, mail your power of attorney to the office with which you're dealing. And 43s are in that list. Correct. And that's consistent with the default rule for powers of attorney in the regulation itself. That's 601.504, which basically says you have to file a power of attorney with each office with which you deal with. But this taxpayer filed a power of attorney with the CAF related to Forms 940 and 941, right? Yes. Was that required by the taxpayer? Was what required by the taxpayer? To file the power of attorney with the CAF. No, they didn't have to do it that way. They did that in part, I suppose, for their own convenience. So they didn't have to attach it when they filed the returns or had communications with the returns. I guess in that instance, there's no regulation that requires that the power of attorney accompany the return filing? Well, again, it depends on what the scope of the representation is. So a power of attorney does a couple of things. I know, but let me get to my question. Here we have a regulation that says whatever this thing is, it has to, if you do it with a power, if you do it with an agent signing it, it must be accompanied with the power of attorney. Yes. Right? Now my question is, well, for Forms 940 and 941, whatever applicable regulation is, does that one say that if you're going to have an agent file Forms 940 and 941, that must be accompanied by a power of attorney? If someone other than the taxpayer is signing the 940 or 941, either as an original return or a refund return, that power of attorney has to accompany the refund claim.  So instead of literally submitting it, literally submitting the power of attorney with the Form 940 and 941, can you still satisfy that regulatory accompany requirement by instead having filed that power of attorney with the CAF? Right. So if I understand your question, if a taxpayer doesn't follow the instruction for 940 and 941, but has already submitted a 2848 to the CAF with respect to the return forms, can they still satisfy the accompaniment requirement? Is that your question? Well, I'm not sure I followed what you just said. I'm just trying to understand. They filed with the CAF? Yes. The power of attorney? Yes. Is that enough for their Form 940 filing enough to be considered to have accompanied the power of attorney with the filing of the Form 940? Or was there some kind of redundant requirement where they had to file the thing with the CAF and they had to literally attach the power of attorney with their Form 940? You never have to file your power of attorney with the centralized authorization file. If you follow the instructions for the form, the forms tell you to attach it. If you want to pre-file… Which form? Well, the instructions are 2848. I believe the instructions for Forms 940 and 941, which address execution by somebody else or signing of a return… No, the 2848 is the form for giving the power of attorney. Yes, that's the power of attorney form. And it says attach. Yes. But even, for instance, a Form 1040, a normal tax return that you would file, the Form 1040 instructions say if you're going to have someone execute your return with a power of attorney, attach it. So what is the point of uploading the Form 2848 to the CAF? Well, it's twofold. For one… It doesn't substitute for physically attaching it? They have to do both? The scope of a representation before the IRS is not limited to just signing documents. It's principally for communicating with the IRS on behalf of a taxpayer and receiving confidential taxpayer information, which is protected under 6103. So when you pre-file a power of attorney with the IRS, when you have a controversy before assessment, you're under audit, and they're trying to determine if you owe more money, should we penalize you, but you have someone who's an expert or a tax practitioner, you file that power of attorney, and now when that person calls or sends a letter or follows up with the IRS, the IRS knows that this person who's communicating with me about this taxpayer, about this particular matter, I'm authorized to talk to this person, I'm authorized to share confidential tax information. So that's for the benefit of the IRS? No. So they have to do both in every form, the 1040, the 940, the 941. It's not sufficient to file the form on the CAF. They also have to attach it in all those instances? If we're talking about… Can you just answer me yes or no and then explain? Does he have to do both? I don't mean to resist the question. I'm just trying to explain that if we're just talking about representation that doesn't involve signing and executing a document under the penalties of perjury, you don't need to do both. If you have it on file, you can communicate with the IRS… But when it comes to filing these forms… Yes, when it comes to executing a form, signing it, and executing it under the penalties of perjury, you are now triggering the statutory requirements, which, again, the ink is barely dry on brown, that the default rule is the taxpayer signs and verifies its own refund claim, which this is, or else complies strictly with the exception in the regulation that allows an agent to sign, provided that the power of attorney accompanies the refund claim. Can I phrase the question just a little differently? Yes. Is there any instance in which a CAF filing will be deemed to satisfy the accompanying requirement in the regulation with regard to a form filing? Okay. So let's take a Form 1040. A Form 1040 requires the taxpayer to sign and verify, and if it's a refund return, it has to be signed and verified just because it's a return and a document required to be made. And the form itself says attached. Right. Now, the Form 2848 says, consistent with our regulation and a regulation that applies only to returns, or income tax returns, that you have to check a box that expressly authorizes someone to sign for you and execute your return. The CAF tracks that special authorization for a return because a regulation requires an additional indicium of authority. With a Form 843, which is not a... So in the case of a 1040, right, so you file your CAF filing on the first day of the tax year, and then on behalf of the taxpayer at the end of the tax year, before the 15th, you file the 1040 return. Right? Yes. The 1040 return is signed by the person who has the power of attorney. Yes. Right? And they've done that. They do not attach a paper copy...  ...of the power. Okay. Okay. And then later on, there comes the question of whether or not the regulatory requirement is that the power had to accompany the return. Yes. Right? In that hypothetical, will the CAF filing be deemed to accompany the return? Yes. And the reason is because, as long as the power of attorney form is properly filled out, with a box checked that says, my designated representative is authorized to sign this return form for me, that information is put into the system, and it is tracked, and it is available to all the offices that can access the database. But a Form 843... Okay. Let's come back. Let's say that particular power of attorney was signed. Is it only good for the one year, or can the power of attorney say, until further notice... It has to have the tax years. It has to be for tax years that are open. It can be for future tax years, but only up to three years in the future, and then you have to refile. There are limitations. But in that instance, a CAF filing will suffice as a company? Yes, but again... Okay, so let me just say, so the service agrees that the word accompany does not require any contemporaneous attachment. The power of attorney is going to be filed on January 1 of a tax year. For a refund claim filed on a return? No, just filed with regard to the return, to start with. Sure, a return. And so you said that that is valid for the filing constitutes a company? That is certainly a better argument than here, and yes. So my point is, you're agreeing that accompany does not require any contemporaneous connection of the power to the form. The power was filed way back when in a different place electronically. The form is filed over here. If you're willing to say that still constitutes accompaniment, right? That only works because... It only works because the IRS has said for 1040s and this particular thing we're going to allow. Why doesn't that mean as a general proposition accompaniment doesn't require a contemporaneous now connected filing? I think we understand contemporaneous to mean different things. And let me see if I can highlight... Do you see my point? I do understand your point about the pieces of paper. When we talk about... How can accompany mean no physical relationship whatsoever in one instance and on a different form mean they have to be connected? The information on the Form 2848 has to be in the same place at the same time as the claim form. Now, if you prefile your power of attorney and the relevant information reflecting the authorization is in the system, the person who's processing the claim form, can look in the system and you have evidence of the authorization and the claim form in the same place at the same time. The CAF is a perfect substitute in that instance for a Paper 2848. But for a refund claim... In this case, the service had assumed that the power is valid. Assumed that they had, in essence, an 843 filing on record. Why wouldn't that be sufficient to accompany Well, two reasons. The first is the accompanying requirement serves not only an actual authority function, it serves a signaling function to let the person who's processing the claim know that the person who signed the form is someone other than the taxpayer. And there's a reason that's important because there's a regulation that says the IRS... Who's going to know that when he looks at the 843 form and it says POA, power of attorney? Nothing required Mr. Sheldon to write that. And those two claims, respectfully, are out of the case because they were satisfied during the litigation, or maybe prior to the litigation. But my point is, when a 2848 power of attorney comes with a refund claim, the IRS knows, or certainly has reason to know, that the person who signed the claim form is not the taxpayer. There's a regulation that says the IRS can decide not to accept the sworn statement under penalties of perjury of a designated representative and insist instead on the evidence supporting the claim itself. That's 601.507. It's in the same series of regulations governing powers of attorney in the Statement of Procedural Rules. Now the second problem with respect to our case with that premise is Venture never argued in the motions briefing below or in its blue brief that the power of attorney that it attached to its protest to the Office of Appeals in 2017 satisfied the regulation. They were always arguing that the powers of attorney that they had faxed to the CAF years earlier satisfied the regulation. So, separate from the legal question, there's a practical problem with the premise of the argument as a basis for reversal. It presumes an argument that Venture never made. I hate to intervene here, but I've gotten confused over the last five minutes. As I understood your colloquy with Judge Clevenger, you said that for a 1040 return, if there had been, before the filing of the 1040, a power of attorney on file at the CAF authorizing the tax agent to file the 1040 on behalf of the taxpayer, then there wouldn't need, in that circumstance, to be an actual power of attorney copy attached to the 1040 filing. Is that what I heard you say? Under the term a company, under that provision of regulation, that would probably satisfy the company requirement.  Stop. I know you'd like to keep talking, but stop for a second. Let me hear why you think that satisfies a company. Why does that satisfy the definition of a company? Because a properly executed 2848 with respect to a return has to have an actual indication of authority to sign, and the system actually tracks that authorization. It's a function of the fields on the 2848 and the authorization to execute a return, which is governed by regulation. Now let's fast forward to an 843 form file, which is here. Same facts before the form 843 is filed. There is a power of attorney on file at the CAF authorizing that particular agent to file the form 843 on behalf of the taxpayer. And then the agent files the form 843 without actually submitting at the same time a copy of that power of attorney that's on file with the CAF. I guess your view is that wouldn't satisfy the company requirement? No, because the actual power of attorney form that reflects the authorization, if it's not already been destroyed, is off-site at an archive, which is not the office undertaking the exam. And if the CAF is supposed to be a substitute for the piece of paper, it can only be a substitute if it reflects the authority on the document. And what we said, as borne out by the publications and the regulations, is that the CAF doesn't track authorizations for form 843, among other many specific issues or specific uses. So it will for the 1040, but not for the 843? Correct. And why is that? Because, again, the 2848 has specific fields. I'm looking at a 2848. Which block? Line 5. 5? Line 5 and 5A. It says, Additional Acts Authorized. And there's a box that says, Sign or Return. That has to be checked in order for there to be authority to execute a return, like a 940, 941, a 1040. And if this power of attorney has that box checked and goes to the central authorization file, that information is coded into the system and is then available to the examiner who gets a return signed by an agent. And are there regulations? You've mentioned instructions and something else that govern how the... Yes. There's an IRS publication that explains this to the public. There are...  947, pages 9 and 10, and possibly 11. Does that refer back to the regulations? I don't know if it refers to the regulation, but it is consistent with the instructions on the Form 2848. Can you explain why for 940, 941 forms, this is enough to accompany, but for Form 83, it's not enough? Because Forms 940 and 941 are returns. And so if someone's executing the document, executing a 940 or 941 return, and they check the box on line 5A, that information goes into the system. I understand, but I guess I'm just trying to look for a rationale. Sitting over here, it feels arbitrary that some forms, having the thing on cap will satisfy the accompanying requirement. For other forms, for some reason, it will not because I guess the IRS says so. But at the moment, it's lost on me why this choice has been made. It's not in the brief, and I am happy to explain it to have it make sense to you. That's why I'm asking the question. And I see I'm over my time, so... I'm asking the question. Returns and things like returns precede IRS assessments. Those are self-reporting, and before the IRS takes action on a return, for instance, undertaking an audit, there is information sharing, request for information. All of those things are stemmed directly from the four corners of the return document. How much is owed? How much tax was paid? Is there a deficiency? Should there be an addition? Should there be a penalty? Will the IRS propose penalties? Will you ask the IRS not to assess a penalty? All of those things stem from the return form. Claims filed on Form 843 are not based on a return form. Therefore, tax is unrelated to a return or for monies paid like a penalty after an assessment, which is an IRS administrative step. So, things dealing with returns, the 2848 addresses it. You check the box on line 5. We're talking about return. We're talking about pre-assessment, the period of audit. All of that's covered. That's volume. It's hundreds of millions. That releases the taxpayer and his designated power from any duty to supply a paper copy in connection with anything. They've already satisfied it, and it's a function of volume because people, I mean, you can imagine how many people have their preparers, designated agents, execute returns. And returns are the bulk of the paperwork that the IRS receives. Forms 843 are miniscule in comparison. Now, here, Venture wanted an abatement and a refund of a penalty, a penalty that was imposed because they were late filing or paying and depositing taxes, but nevertheless, after the IRS had determined, not just proposed, but determined and assessed a penalty. So now, we're talking about a different form of relief, abatement and refund of monies paid. Separate statutes, separate from the requirement to pay the tax, report the tax. You're initiating an administrative proceeding. That's a specific issue. That is why you have to file the Form 843. The CAF doesn't track those, whether, you know, for better or for worse, it doesn't track those. And the instructions are consistent with the regulation, at least for claims filed under Form 843, after an assessment of a penalty or the refund of a tax not covered by a return. You need to attach your Form 843 so that we know because we look at the CAF, we don't know, that the form has been executed by somebody else and that that person has the authority to execute the form for you and to bind you as principle to the factual assertions underlying the claim for relief, which is just like what we do with the return. You're saying the facts supporting the amount of tax owed is true and correct. Okay. So just bottom line, the IRS has a different understanding of what complies with the company requirement for powers of attorney related to returns than powers of attorney related to Form 843. Yes, and any of the other special issue or specific issues or specific uses listed on the instructions of Form 2848 and listed in IRS Publication 947. I know you're over, but I have an assessment and I want to give it to you so that you can tell me why I'm wrong. Okay. Because I love the discussion. I spent a few years at the IRS and it was a very good experience. But what I see as the issue in this case is whether or not this is regulatory and therefore could have been waived. There might be a waiver question. I don't know, but it seems like there's a strong argument for waiver here. So does Brown govern? Yes. And the conversation for the past 10 minutes to suggest you've referred that governs what we're talking about here, you've referred to IRS publications, IRS instructions, and a whole bunch of other things that aren't even regulatory, let alone statutory. They govern appropriately the how, the why, the when, the timing of the filing or whatever. That's IRS's obligation. But the hurdle I think you have to get over is why this comes under Brown. All of this stuff that we've been talking about in instructions and not even regulations comes within Brown's edict that this particular requirement is statutory and not regulatory and therefore not waivable. And it seems to me the conversation has been drifting the other way. Okay. So let's start back with Brown. Brown says the floor. You comply with the statute first. That's the default rule. Here we have a refund claim. The statute says you must sign and verify your own refund claim. Now the IRS has promulgated an exception. It's in a regulation. The regulation says an agent can execute but the power of attorney must accompany the refund claim. That's Brown. All right. So we're at Brown. The regulation that Brown said the taxpayer had to follow is the same regulation we're talking about here. I think ultimately the parties disagree about what the word accompany means. And our first argument is that the term accompany, the plain language of the term accompany and what Brown said company means and some other court of federal claims cases say company means requires attachment.  they never filed anything. So that's what Brown was dealing with and Brown has a very important sentence which says we deal here only with the facts presented to us relating to the return that is both unsigned by the taxpayers and not accompanied by a power of attorney. The question in Brown didn't involve the kind of quagmire, I don't mean that in a pejorative sense, of instructions and publications that govern how, when, the specificity of what constitutes sufficient filing of a power of attorney. And so you may be right. You may be right on the merits. They may not have done what they were supposed to do. That's not the question, I think. The question is whether or not this was a regulatory or even less than regulatory requirement as opposed to a statutory requirement that we got it issued. Two things about Brown. On pages 10-10, the court used the word append in describing the defect and on page 10-12, Judge Lord used the word attach. In the blue brief in Brown, the taxpayer said we did not comply with the regulation because we did not attach a power of attorney. In the trial court, in the trial court opinion, the court explained that there had been a power of attorney on file which had a defect, but the focus was on the failure to attach the power of attorney. I even believe there's a footnote... The question in Brown was not whether or not power had accompanied anything. It's whether one had been filed in the first place. In this case, you've demonstrated to me at least that from the services point of view, a company has different meanings depending on which form you're talking about. And you've carefully and I think thankfully to me, explained that the reason why you have a different meaning for a company for a 1040 as opposed to 843 are very peculiarly specific to the nature of the return and everything that's going to happen. That's happening in a sub-regulation. Those rules and regulations about how you decide what a company means, okay, depend on which form it's all about. That strikes me as being non-statutory. When Angelos Milling asked for an explicit statutory command, there's no explicit statutory command that an 840          power of attorney has to be dealt with in one way whereas a 1040 has to be done in a different way. All that's being done in the almost sub- as the presiding judge said, sub-regulatory environment. Right? Okay, so I'll give you the, we've held you a long time and I appreciate your effort to help us here but I'll give you a couple minutes to just respond to Judge Clevenger. Okay, so our first argument was Brown said attach that a company means attach. I'm getting some pushback from that. I recognize that. Our second argument was that a company, the plain meaning of the term accompany means same place at the same time and we cited dictionary definitions on pages 23 to 24 and 26 to 27 of the red brief and we also supplied contextual arguments. Now, everything I'm saying about the IRS publication, the instructions, that's for context. We're not relying on those instructions to demonstrate as the basis for saying they didn't comply but we're doubly and triply supporting our gloss on the term accompany in the regulation. Now, under Brown, they have to accompany or else they haven't complied with the statute, the exception to the statute. So the question is did it accompany? We provided our assessment of the case law, our understanding of the plain meaning and context and I'm saying even if we concede that at least in some cases, maybe in all cases, that you could satisfy the accompany requirement in the regulation and thus satisfy the statute by sending a form to the CAF, it only works if the centralized authorization file is actually tracking the information that reflects the authorization because when the claims form comes in, the IRS has to be able to look at something to see that it's authorized to be executed and if the centralized authorization file doesn't reflect that authorization as it didn't in this case, then the authorization hasn't accompanied the refund claim. We take your point. Thank you very much. Thank you. Will we still have two minutes of rebuttal if you have anything? Yes, Your Honor. I just wanted to point out a couple of things. First, that the IRS houses the information from the 2848 is in the IRM and in the regulations at 601-501-B2. The IRM is the manual, right? The IRM is the manual which practitioners look at to see how to deal with and that it substitutes for the physical form is also in 601-501-B1. I think Judge Chen was confused because the government has just shifted its whole argument. On its answering brief in 30 and 31, what it is arguing is that the POAs here are not sufficient because they didn't check the special authorization box in four and because of that, a company doesn't work with the CAF because the CAF does not store that information. And so they've just reversed everything that they've been arguing on brief. It is supremely rare and actually only in limited circumstances that a representative can sign a return for anybody. Any kind of return. 1040, 941, whatever it is. But it is contemplated that representatives will sign forms 843. The Cooper case walks through all of these arguments and says you don't have to check box four for an 843. You don't have to check box five like you would for a return. Well, that case the POA was literally filed with the Well, that was the argument is whether it was. But they walked through this what's sufficient for a POA in the case of an 843. And my point is that all of that is actually stored on the  The parts to file a return is not stored on the cap. So you would have to  something to a return if you wanted to do that. 843 doesn't have that limitation. And that's why Brown is so kind of on its own out there. It didn't take one head on the attachment issue. It didn't take head on the sufficiency of the POA. It just basically had a tax return that needed to have a specific POA that had to be attached. That's not our case. 843 just takes as Cooper says a generally filled out POA that's completed suffices. And all of that information is on the CAF and retained by the CAF. Again, I point to the regulations I just provided and say that substitutes for a POA. And therefore, it should satisfy the accompaniment requirement in subsection E of the implementing regulation. Thank you. We thank both sides for their input.